1:19 cv 377

George Willie Buford, III
in eyre
Apostille No.: A2009-5853
Convention de la Haye
du 5 Octobre 1961

[UNDER DURESS]

Fed. Reg. No.: 30024-074
Federal Correction Complex
Allenwood - USP
Post Office Box 3000
White Deer [near, 17887-3000], PA
united States of America

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

George Willie Buford III,
    Plaintiff, Pro Se',

v.

GENE BEASLEY, ET AL.,
In Their Individual AND OFFICIAL
capacities,
    DEFENDANTS.

Case No.: 1:19 cv 377
Judge:
Magistrate:

EMERGENCY PETITION

## COMPLAINT FOR THE DEPRIVATION OF CONSTITUTIONAL RIGHTS PURSUANT TO TITLE 28 U.S.C. §1331

1

To: Chief United States District Judge:

ON AND FOR THE RECORD OF THESE PROCEEDINGS: COMES NOW, Your Humble Plaintiff George Willie Buford, II (hereinafter "Plaintiff" or "Buford," as the context may - from time to time - dictate), and FILES this Complaint for the Deprivation of Constitutional Rights arising under Title 28 U.S.C. § 1331 (referencing Title 18 U.S.C. §§ 241, 242, 371, 1001, 1621, 1961, 4042, etc.).

Statement of the Parties:

A. Plaintiff:

Plaintiff is a Justice In Itinere, an American National as evidenced by Apostille No.: A2009-5853 as CERTIFIED through The Hague Convention of du 5 Octobre 1961 to the Government of the United States and on file in The Office of the Secretary of State of the State of Indiana under such Apostille No. Justice Buford is unlawfully being held by the Government of the United States (Title 28 U.S.C. § 3002(15)(A); Organic Act of 1871 and U.C.C. § 9-307(h)) under the claim that Justice Buford violated Title 18 U.S.C. § 924(c)(1)(A)(ii) in June 1998, when, in law and fact, Title 18 U.S.C. § 924(c)(1)(A)(ii) was NOT enacted into positive law until 13 November 1998. He is unlawfully held by defendants, under concert of design and misprision of felony, in the Middle District of Pennsylvania. Title 18 U.S.C. §§ 4 and 2382.

B. DEFENDANTS:

The below-listed DEFENDANTS are herein sued in their individual and OFFICIAL CAPACITY(IES), as DEFENDANTS and aliened ONLY in their individual capacity(ies) under Rule 64 Federal Rules of Civil Procedure

- 2 -

DEFENDANT RISCHEL is a United States Penitentiary (hereinafter "U.S.P.") Allenwood Health Services Department staff member.

DEFENDANT CHRISTOPHER TRUMP is a USP Allenwood Health Services Department (hereinafter "HSD") staff member.

DEFENDANT JENNIFER HOLZAPPLE is an UNCERTIFIED USP Allenwood HSD Physician's Assistant.

DEFENDANT BROOKE WOODS is a CERTIFIED USP Allenwood HSD Physician's Assistant.

DEFENDANT J. BENNETT-MEEHAN is a CERTIFIED United States Public Health Services (hereinafter "USPHS") Physician's Assistant on post at USP Allenwood.

DEFENDANT A. PEDRO is a CERTIFIED USPHS Physician's Assistant on post at USP Allenwood.

DEFENDANT JOHN DOE-DUTY OFFICER is the male Duty Officer seen on the CCTV on ALP SHU A-Range stopping and engaging in conversation at ALP SHU A-Range cell #117 the week of 19 February 2019.

DEFENDANT W. BASTIAN is a Unit 3 Counselor at USP Allenwood.

DEFENDANT ___ BIRDSALL is a Unit 3 Case Manager at USP Allenwood.

DEFENDANT GENE BEASLEY is the Warden Custos Maritimarum of USP Allenwood.

THE ABOVE DEFENDANTS ARE HEREBY SITED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY(IES) AND ALIENED ONLY IN THEIR INDIVIDUAL CAPACITY(IES).

Statement of FACTS:

Plaintiff, a Justice In Itinere, unlawfully held by

3

DEFENDANT GENE BEASLEY (hereinafter "BEASLEY") in concert of design with others, both known and unknown to Plaintiff as of the date of this writing, acting and/or purporting to act under grant of official authority from the Government of the United States, was taken to USP Allenwood Special Housing Unit (hereinafter "SHU") from the general prison population on or about Saturday, 16 February 2019. Plaintiff informed DEFENDANTS CHRISTOPHER TRUMP (hereinafter "TRUMP") and RISCHEL (hereinafter "RISCHEL") that he suffered ruptured blood vessels in the inner eye (left) following an officer slamming Plaintiff's face into the ground.

Though there was the above complaint of internal bleeding and cuts and abrasions to the left eye, Plaintiff was taken to the SHU without emergency care as contemplated by Title 28 CFR § 541.32.(a) and Federal Bureau of Prisons (hereinafter "FBOP") Program Statement #5270.11.

Later, 16 February 2019, TRUMP brought Plaintiff some of his prescribed medications:

Indomethacin  Omeprazole  glipizide  Metformin
Doxazosin  Lisinopril  Pioglitazone

TRUMP, along with (and in concert of design with) RISCHEL, did knowingly, intentionally and deliberately withheld from Plaintiff the following medications:

- Carvedolol  · Oxcarbazepine  · Verapamil
- Vitamin A & D Ointment

These are prescribed medications

TRUMP and RISCHEL, as USP Allenwood HSD staff on duty on 16 February 2019, also withheld from Plaintiff:

Embolism stockings AND Medical shoes

4

This overt act was done in direct contravention of FBOP Program Statement #5270.11 §13(a)("While in SHU inmates may continue taking their prescribed medications.") ALL the above was prescribed to Plaintiff.

Because 16th, 17th and 18 February 2019 was Presidents' Day weekend, Plaintiff, on 19 February, 2019, placed a Sick Call in ALP SHU A-Range Cell #117 door, under the everwatchful gaze of ALP SHU A-Range closed-circuit video (CCTV). The CCTV footage captures DEFENDANT J. BENNETT-MEEHAN (hereinafter "BENNETT-MEEHAN") removing the Sick Call from the cell door and continuing down the range without even looking in the cell or stopping to medically assess Plaintiff. DEFENDANT BROOKE WOODS (hereinafter "WOODS") is also seen in the same footage passing Cell #117 without stopping. This also violates Title 28 CFR §541.32(a)(Medical Care. A health services staff member will visit you daily to provide necessary medical care. Emergency medical care is always available.)

On 19 February 2019 Plaintiff stopped DEFENDANT JOHN DOE DUTY OFFICER (hereinafter "DUTY OFFICER") and informed him that HSD refused to see Plaintiff. DUTY OFFICER can be seen on the CCTV stopping at Cell #117 and then, after a brief discussion (he told Plaintiff "That's a medical issue" as if Plaintiff did not, himself, know it was a medical issue), leaving.

On 19 February 2019, Plaintiff asked DEFENDANT BIRDSALL (hereinafter "BIRDSALL") for an Informal Resolution Form ("BP-8") as the BP-8 is REQUIRED to begin the Administrative Remedy process contemplated by the Prison Litigation Reform Act (hereinafter "PLRA") of Title 42 USC §1997e(a). BIRDSALL said he didn't have any.

On or about 19 February 2019, Plaintiff asked DEFENDANT W. BASTIAN (hereinafter "BASTIAN") for a BP-8.

BASTIAN claimed he did not have a BP-8 but that he would send one. As of the date of this writing Plaintiff has not received a BP-8.

On 20 February 2019, Plaintiff put another Sick Call in Cell #117. On that date, DEFENDANT A. PEDRO (hereinafter "PEDRO") is captured on ALP SHU A-Range CCTV removing the Sick Call out of Cell #117 and continuing off the range without stopping.

On 20 February 2019, Plaintiff wrote DEFENDANT GENE BEASLEY (hereinafter "BEASLEY") a letter detailing the conditions of confinement and unavailability of administrative remedy. BEASLEY did not respond.

On 20 February 2019, Plaintiff was taken to a local emergency room. The doctors ("Cooney" and "Dix") referred Plaintiff to an opthamologist ("Dr. Joshi") who confirmed blood in the posterior of the left eye. Dr. Joshi prescribed Artificial Tears and returned Plaintiff to USP Allenwood.

On 21 February 2019, Plaintiff placed a Sick Call in Cell #117, requesting the prescribed Artificial Tears and the other medication (Carvedolol, Oxcarbazepine, Verapamil and Vitamin A & D Ointment) and medical equipment (Embolism stockings and Medical shoes). DEFENDANT JENNIFER HOLZAPPLE (hereinafter "HOLZAPPLE") is captured on the ALP SHU A-Range CCTV removing the Sick Call from Cell #117 without stopping.

Statement of CLAIM:

DEFENDANTS RISCHEL, TRUMP, HOLZAPPLE, WOODS, BENNETT-MEEHAN and PEDRO have knowingly, deliberately and capriciously conspired to deprive this Plaintiff of the Eighth Article In Amendment's right to be free from Cruel and Unusual Punishment through the Deliberate Indifference to Serious Medical Need by intentionally withholding of prescribed medication and equipment.

DEFENDANTS BASTIAN and BIRDSALL, both Unit 3 Unit Team members, knowingly and with specific scienter, did conspire, amongst themselves and with others - both known and unknown to Plaintiff as of the date of this writing to, intentionally and deliberately intefere with Plaintiff's First Article In Amendment's right to enjoy Access to the Courts and to Petition the Government for A Redress of Grievances by failing/refusing to provide Plaintiff administrative remedy, as mandated by Act of Congress in Title 42 U.S.C. § 1997e(a) and FBOP Program Statement #1330.17.

DEFENDANTS BEASLEY and DUTY OFFICER, as employee(s)/official(s) of the Government of these UNITED STATES have an on-going affirmative duty to protect Plaintiff from the unconstitutional and illegal act(s)/omission(s) of other governmental actor(s) when such act(s)/omission(s) are brought to their attention. NEITHER BEASLEY or DUTY OFFICER are herein sued under a theory of respondeat superior. Rather, both BEASLEY and DUTY OFFICER are herein sued under their duty to protect Plaintiff, mandated by Act of Congress, codified at Title 18 U.S.C. § 4042, which is an altogether DIFFERENT theory of liability than that under the doctrine of respondeat superior. ONCE THEY WERE NOTIFIED OF THE UNLAWFUL TREATMENT BY GOVERNMENTAL ACTORS, BEASLEY AND DUTY OFFICER WERE BOUND BY 18 U.S.C. § 4042, AND 5 U.S.C. § 3331 TO ACT TO PROTECT PLAINTIFF FROM SUCH UNLAWFUL TREATMENT.

Liberal Construction:

Plaintiff would humbly ask this Honorable Court to liberally construe this Complaint and dismiss ONLY if it appears

7

that Plaintiff can prove NO set of facts that would entitle him to the relief he seeks.

Request for Relief:

A. Protection from Reprisal:

Because this Plaintiff is, in law and fact, incarcerated in violation of the Constitution and Laws of these United States, there is special impetus to act to preserve life and limb. Plaintiff hereby ASKS for this Court's protection as two (2) of the DEFENDANTS have already threatened to place tuberculosis (HOLZAPPLE) and botulism (PEDRO) in Plaintiff's insulin syringe (as is evidenced by the United States Department of Justice [DoJ] record maintained in the Office of Inspector General [OIG] requiring Plaintiff to forego insulin injections for over one (1) calendar year as of the date of this writing). The lawlessness tacitly authorized by DEFENDANT BEASLEY has created an unsafe environment wherein a prisoner (any prisoner), whether lawfully or unlawfully imprisoned, is in genuine and definite danger of loss of life or limb at the hand of rogue governmental actor(s) utilizing force, violence and intimidation to prevent meritorious claims against USP Allenwood staff from being reviewed in direct violation of Program Statement #3420.11, Attachment A and Title 5 U.S.C. § 3331; Title 18 U.S.C. § 1961, etc. PLAINTIFF FEARS FOR HIS LIFE AND SAFETY.

B. Medical Care:

Plaintiff humbly ASKS that this Court ENJOIN the DEFENDANTS, and those working in concert of design therewith, from withholding his prescribed medications. He has been without Oxcarbazepine, a seizure medication; Verapamil, a hypertension medication; Carvedolol, a cholest-

8

erol-lowering drug; Vitamin A & D Ointment, used to smooth the skin of the feet to prevent microscopic fissures, that could become infected and lead to amputation (a serious concern for diabetics); Embolem stockings (to prevent blood clots in the lower legs and feet), and medical shoes to treat diabetic foot neuropathy; since 16 February 2019, suffering seizures, headaches and pain in the lower extremities.

(i) <u>Entitled to TRO/PI as a Matter of Law</u>:

Plaintiff is entitled to a TRO/PI as a matter of law when governmental actors conspire to deprive him of rights and privileges guaranteed by the Constitution or Acts of Congress.

(ii) <u>Absence of Harm to the Adverse Party</u>:

The Government of the UNITED STATES is not at liberty to conspire to commit unlawful acts. Further, the UNITED STATES is not a general government; it is confined to those powers specifically enumerated in the Constitution and such Acts of Congress made pursuant thereto. As such, the Adverse Parties will NOT be harmed by a TRO/PI enjoining the DEFENDANTS to a lawful course of conduct.

(iii) <u>Ultimate Success On The Merits</u>:

It is black-letter law that governmental actor(s) may NOT conspire to deprive constitutional rights. Furthermore, it is a proposition so axiomatic to the concept of ordered liberty and the Rule of Law as to be unquestionable that in a government of laws the government is as subject to the letter and spirit of the law as the ordinary Citizen. As such, Plaintiff will ultimately succeed on the merits of his claim(s) because they are true and the

9

DEFENDANTS, and those acting in concert of design therewith, can put forth NO legitimate penological objective (of course, they'll scream "security," but the claim of security is NOT a magic talisman absolving governmental actor(s) of the affirmative duty to act in accordance with the Constitution and Laws of the UNITED STATES) which could be furthered by their conspiratorial and unlawful conduct.

(iv) <u>Public Interest</u>:

The Public Interest is best served by granting this particular Plaintiff a TRO/PI as a matter of ensuring the maintenance of the Constitutional Republic envisioned by our Framers in the Constitution. This Nation was founded as a defense against tyranny and oppression, and that such ideal(s) be preserved inviolate, our Constitution was written. It is in the Public Interest to extinguish the flames of tumult caused by rogue elements within our government before they can spread from shore to shore, transforming the landscape from a Constitutional Republic to a demented mob-ocracy.

<u>PLAINTIFF IS ENTITLED TO A TRO/PI</u>

c. <u>JURY DEMAND</u>:

Plaintiff hereby DEMANDS a trial by a properly-empaneled jury on ALL triable issues related to this Complaint.

D. <u>Monetary Damages</u>:

Plaintiff seeks compensatory damages from these DEFENDANTS, jointly and severally, in the amount of $75,000.00

(seventy-five thousand U.S. dollars).

Plaintiff seeks punitive damages in the amount of $225,000.00 (two-hundred twenty-five thousand US dollars) from the DEFENDANTS jointly and severally.

## CONCLUSION

WHEREFORE, Plaintiff humbly asks this Honorable Court to liberally construe this Complaint as an emergency petition relating to life and limb (literally) and to provide ALL requested relief and any and all other relief this Court may deem fitting and proper.

Respectfully,

24 February 2019
(date)

/s/ George Willie Buford, III
George Willie Buford, III

A Eyre
Convention de la Haye
Apostille No.: A2009-5853
du 5 Octobre 1961

Apostille No.:
A2009-5853

In Itinere

[UNDER DURESS]

Fed. Reg. No.: 30024-074
Federal Correction Complex
Allenwood-USP
Post Office Box 3000
White Deer, PA
17887-3000
united States of America

12

INMATE NAME/NUMBER: George Willie B Hood III [30024-074]
FEDERAL CORRECTIONAL COMPLEX-ALLENWOOD
P.O. BOX 3000 — USP
WHITE DEER, PA 17887

ATTN.: CLERK OF COURT
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
234 N. WASHINGTON AVENUE
SCRANTON, PA
18105

RECEIVED
SCRANTON
MAR 05 2019
PER _____
DEPUTY CLERK

LEGAL MAIL